IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Stewart Russell Buchanan, | ) | C/A No.: 1:13-2489-DCN-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| William R. Byars, Jr., in his individual and official capacity; A.J. Padula; Sandra S. Bowie; David M. Tartarsky; John D. McLeod, in their individual capacities; Alan M. Wilson, in his official capacity, | ) | |
| Defendants. | ) | |

Plaintiff Stewart Russell Buchanan is an inmate at Lee Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"). Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

In his 39-page complaint, Plaintiff appears to be primarily upset that his woodworking and painting tools ("hobby-craft items") were taken from him in 2008 for disciplinary infractions. Plaintiff alleges that SCDC Director William R. Byars Jr. is responsible for the promulgation of SCDC's Inmate Grievance Policy and that he failed

1

to serve Plaintiff with a final agency decision concerning his institutional grievance. [Entry #1-3 at 17–18]. Plaintiff alleges LCI Warden A.J. Padula failed to respond to his grievance. *Id*. at 4, 13–15, Plaintiff alleges Padula assumed custody and control of Plaintiff's hobby-craft items, which he believes Padula subsequently lost. *Id.*. Plaintiff sues Sandra S. Bowie, supervisor of the Inmate Grievance Branch, for depriving him of his "'Step One' and 'Step Two' final agency decisions," and for personally depriving him of his property. *Id.* at 5, 15. Plaintiff sues David M. Tatarsky, SCDC General Counsel, for depriving him of his "property and rights" and for denying his prison grievance. *Id.* at 5, 16–17. Plaintiff further alleges Byars, Padula, Bowie, and Tatarsky conspired against him. *Id.* at 19–20.

Plaintiff sues John D. McLeod, Administrative Law Court Judge, for dismissing his state court appeal for failure to exhaust available remedies. *Id.* at 5–6, 18. Plaintiff sues Alan M. Wilson, South Carolina Attorney General, for the South Carolina Supreme Court's actions in 1999 and the South Carolina General Assembly's actions in 2006. *Id.* at 6, 10–11. Plaintiff seeks a declaratory judgment, injunctive relief, and monetary damages. *Id.* at 3, 23–29.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the

action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1. Immunity

    a. Defendant McLeod

The court should dismiss the claims against McLeod. It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Judges are also protected from claims for injunctive relief as § 309(c) of the Federal Courts Improvement Act, Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff does not allege that the prerequisites for injunctive relief have been satisfied in this case. Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Because judicial immunity is a protection from suit, not just from ultimate assessment of damages, *Mireless*, 502 U.S. at 11, McLeod is entitled to summary dismissal from the instant case for claims associated with his dismissal of Plaintiff's appeal.

    b. Defendant Wilson

The court should dismiss the claims against Wilson. The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*,

517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities and employees. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101−02 (1984); *see also Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (claims against a state employee for actions taken in an official capacity are tantamount to a claim against the state itself). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[1] In addition, while a narrow exception to sovereign immunity exists, the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

Plaintiff sues Wilson solely in his official capacity, seeking a declaration that actions of the South Carolina Supreme Court and South Carolina General Assembly violated his constitutional rights. [Entry #1 at 1; Entry #1-2 at 6, 27–28]. As Wilson is protected by Eleventh Amendment immunity from Plaintiff's request for declaratory relief, the injunctive relief Plaintiff seeks cannot be granted. Therefore, the undersigned recommends Plaintiff's claims against Wilson be summarily dismissed.

---

[1] Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann § 15-78-20(e).

### 2. Deprivation of property

The court should dismiss Plaintiff's claim relating to the deprivation of his hobby-craft items. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995). Moreover, an intentional deprivation of property by a governmental employee does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230−31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition); *Bogart v. Chapell*, 396 F.3d 548, 561−63 (4th Cir. 2005) (finding that intentional destruction of a plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for such loss).

In South Carolina, prisoners may file actions for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). As Plaintiff has an adequate state remedy to address the alleged deprivation of property, his due process claim related to the confiscation of his hobby-craft items is subject to summary dismissal.

3. Grievance procedures and policy

The court should dismiss Plaintiff's claims related to SCDC's grievance procedures and policies. "[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994); *Daye v. Rubenstein*, No. 10–6938, 2011 WL 917248, at *2 (4th Cir. March 17, 2011); *Ashann–Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Therefore, Plaintiff's claims related to the defendants' alleged refusal to process his grievances and to Byars' promulgation of the SCDC Inmate Grievance System, Policy GA-01.12, are subject to summary dismissal.

4. Conspiracy

The court should dismiss Plaintiff's conspiracy claims. Under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. *Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir.1995); *Buschi v. Kirven*, 775 F.2d 1240, 1248 (4th Cir. 1985). In addition, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985). Plaintiff provides no concrete facts to demonstrate that defendants came to any mutual understanding or acted "jointly in concert" to deprive him of any constitutional right. *See*

*Hinkle v. City of Clarksburg, W. Va*, 81 F.3d 416, 421 (4th Cir. 1996); *see also Ruttenberg v. Jones*, No. 07-1037, 2008 WL 2436157, at *8 (4th Cir. June 17, 2008). Further, Plaintiff provides no indication of a discriminatory motive on defendants' part. Thus, Plaintiff's conspiracy claims are subject to summary dismissal.

     5.    Court Access

The court should dismiss Plaintiff's claims concerning his deprivation of court access. Inmates "have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, to succeed on a denial of court access claim, inmates are required to demonstrate an impediment to the pursuit of a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349, 353 (1996) ("It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts."). Further, an inmate must allege specific injury resulting from the alleged denial of court access. *See Lewis*, 518 U.S. at 349; *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir.1993) (holding that Prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access").

Plaintiff alleges that defendants' failure to process his grievances over a three-year period resulted in a denial of his access to state courts. [Entry #1-2 at 13]. However, Plaintiff admits that on September 16, 2010, he filed a lawsuit in Richland County Court of Common Pleas (C/A No. 2101-CP-40-5896) against Bowie and Tatarsky, dealing with the same facts involved in the instant action ("state case"). [Entry #1 at 1]. Plaintiff filed several motions and objections in the state case before it was

dismissed on the defendants' motion.[2]  Plaintiff claims that he unsuccessfully appealed the dismissal of his state case to the South Carolina Court of Appeals and Supreme Court. *Id.* at 3.  Plaintiff further complains his appeal to the Administrative Law Court was dismissed for failure to exhaust available remedies.  [Entry #1-2 at 18].  Because Plaintiff was able to file and litigate his cases, albeit unsuccessfully, he has not shown that defendants' alleged failure to process his grievances denied him access to the courts.  *See Lewis*, 518 U.S. at 351 (plaintiff must demonstrate that that defendants "hindered his efforts to pursue a legal claim").

Plaintiff appears to complain that defendants' failure to process his grievance resulted in the state courts' decisions to dismiss his cases and appeals. Courts may deem a claim exhausted under the PLRA when a prisoner files a grievance, but fails to receive a timely determination.  *Williams v. Loyd*, C/A No. 2:09-2289-JFA-RSC, 2010 WL 3609790, at *4 (D.S.C. Apr. 28, 2010) (collecting cases), *Report and Recommendation adopted by* 2010 WL 3609512 (D.S.C. Sept. 13, 2010); *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been made available if a prisoner, through no fault of his own, was prevented from availing himself of it."). However, the state courts' determinations regarding Plaintiff's exhaustion of his administrative remedies are not reviewable by this court.  *See* 28 U.S.C.

---

[2] *See* Richland County Public Index, http://www5.rcgov.us/SCJDWeb/PublicIndex/disclaimer.aspx/default.aspx (last visited Sept. 26, 2013).  A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record").

§ 1257; *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).[3] As Plaintiff fails to demonstrate that defendants' actions or inactions impeded his ability to file or litigate a non-frivolous legal action, his denial of court access claim is subject to summary dismissal.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

September 30, 2013                                         Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] The prohibition on review of state court decisions by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine. *See*, *e.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) (confining *Rooker-Feldman* doctrine to cases brought by state court losers seeking redress for an injury allegedly caused by the state court's decision). Because the *Rooker-Feldman* doctrine is jurisdictional, it may be raised by a court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).