**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| STEWART RUSSELL BUCHANAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WILLIAM R. BYARS, JR., *in his* )<br>*Individual and official capacity*, AJ )<br>PADULA, SANDRA S. BOWIE, DAVID )<br>T. TATORSKY, JOHN D. McLEOD, *in* )<br>*their individual capacities*, and ALAN M. )<br>WILSON, *in his official capacity*, )<br>)<br>Defendants. )<br>_____ ) | No. 1:13-cv-2489-DCN<br><br>**ORDER** |

This matter is before the court on a motion to amend or alter judgment and a motion to certify a question to the South Carolina Supreme Court, each filed by plaintiff Stewart Russell Buchanan ("Buchanan"). For the reasons set forth below, the court denies both motions.

## I.  BACKGROUND

Buchanan is an inmate within the South Carolina Department of Corrections ("SCDC") who is currently incarcerated at the McCormick Correctional Institution. On September 13, 2013, Buchanan filed a complaint pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights by taking his woodworking and painting tools without due process. On September 30, 2013, Magistrate Judge Shiva V. Hodges issued a report and recommendation ("R&R"), recommending that this court summarily dismiss the case pursuant to 28 U.S.C. § 1915 because it failed to state a claim upon which relief may be granted. Buchanan filed objections to the R&R on October 31, 2013.

1

This court affirmed the R&R and dismissed the case without prejudice on November 13, 2013.

On December 12, 2013, Buchanan filed a motion to alter or amend judgment. On December 18, 2013, he filed a motion to certify a question to the South Carolina Supreme Court. These matters are ripe for the court's review.

## II.  STANDARDS

### A.     Motion to Alter or Amend Judgment

While Rule 59(e) does not provide a standard under which a district court may alter or amend a judgment, the Fourth Circuit has recognized that a court may grant a Rule 59(e) motion "only in very narrow circumstances:  (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Rule 59(e) motions may not be used, however, to make arguments that could have been made before the judgment was entered. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Moreover, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such a motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted." Sams v. Heritage Transp., Inc., No. 2:12-cv-0462, 2013 WL 4441949, at *1 (D.S.C. August 15, 2013).

Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (internal citation omitted); Wright v. Conley, No. 10-cv-2444, 2013 WL 314749, at *1 (D.S.C. Jan. 28, 2013). Whether to alter or amend a

judgment under Rule 59(e) is within the sound discretion of the district court. See, e.g., Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005).

### B.     Motion to Certify Question

South Carolina Appellate Court Rule 244 provides for certification of questions of law by federal courts. The rule provides that the South Carolina Supreme Court may, in its discretion, answer questions of South Carolina law "which may be determinative of the cause then pending in the certifying court when it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court."  S.C. App. Ct. R. 244.

### III.   DISCUSSION

Both of Buchanan's motions are based on essentially the same argument. Buchanan contends that a case relied upon by the R&R, McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986), has been "overruled"[1] by the South Carolina Supreme Court. Pl.'s Mot. to Am. 3.  Based on this purported change in the law, Buchanan alleges that the court must determine whether he has a post-deprivation remedy sufficient to satisfy due process requirements.  Id. at 7.  Buchanan also requests that this court certify a question to the South Carolina Supreme Court in order to clarify whether he has a private cause of action for recovery of personal property.

In the case of an unauthorized intentional deprivation of property, no due process claim arises unless or until the state fails or refuses to provide a suitable post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  In McIntyre, the Fourth Circuit

---

[1] It is beyond cavil that the South Carolina Supreme Court cannot overrule a decision of the Fourth Circuit.  However, to the extent McIntyre is based on the Fourth Circuit's interpretation of South Carolina law, the court will treat Buchanan's motions as contending that McIntyre has been abrogated by the South Carolina Supreme Court's subsequent interpretation of South Carolina law and is therefore no longer good law.

determined that S.C. Code Ann. § 15-69-10 provides a "post-deprivation remedy sufficient to satisfy due process requirements." 784 F.2d at 567 (citation omitted). The R&R, which this court adopted in dismissing the case, cited McIntyre in determining that Buchanan's claim for deprivation of property should be dismissed:

> In South Carolina, prisoners may file actions for recovery of personal property against officials who deprive them of property without state authorization. See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981)). As Plaintiff has an adequate state remedy to address the alleged deprivation of property, his due process claim related to the confiscation of his hobby-craft items is subject to summary dismissal.

R&R 6.

Buchanan argues that three South Carolina Supreme Court cases – Wicker v. S.C. Dep't of Corr., 602 S.E.2d 56 (S.C. 2004), Adkins v. S.C. Dep't of Corr., 602 S.E.2d 51 (S.C. 2004), and Torrence v. S.C. Dep't of Corr., 646 S.E.2d 866 (S.C. 2007) – have abrogated McIntyre's holding that S.C. Code § 15-69-10 provides inmates an adequate remedy to recovery personal property. All three cases Buchanan cites were filed by inmates alleging that SCDC violated the prevailing wage statute. Wicker, 602 S.E.2d at 56; Adkins, 602 S.E.2d at 53; Torrence, 646 S.E.2d at 867. The prevailing wage statute provides that any inmate employed in private industry while incarcerated must earn at least "the prevailing wage for work of similar nature in the private sector." S.C. Code Ann. § 24-3-430(D). The South Carolina Supreme Court determined that because the prevailing wage statute did not explicitly create a private cause of action and because the statute was not enacted for the special benefit of inmates, inmates had no private right of action to enforce the statute. Adkins, 602 S.E.2d at 54-55. However, the Court held that

4

inmates may enforce such rights through SCDC's internal grievance procedure. Wicker, 602 S.E.2d at 57.

In contrast to the prevailing wage statute, § 15-69-10 does provide a cause of action. That section provides that "[t]he plaintiff, in an action to recover the possession of personal property, may, at the time of issuing the summons, or at any time before answer, claim the immediate delivery of such property, as provided in this chapter." S.C. Code Ann. § 15-69-10; see also Farmer v. Florence Cnty. Sheriff's Office, 738 S.E.2d 473, 476 n.2 (S.C. 2013) (noting that §§ 15-60-10 et seq., the claim and delivery statutes, combine the common law actions for trover and replevin). Because § 15-69-10 provides a private cause of action, the court does not read the trio of Wicker, Adkins, and Torrence to abrogate McIntyre. There is nothing in any of those three cases which suggests, and the South Carolina Supreme Court has not indicated, that § 15-69-10 is unavailable to prisoners who have been deprived of property without state authorization. Moreover, even if § 15-69-10 were not available to prisoners, the South Carolina Supreme Court and other courts in this district have held that the grievance process available to SCDC inmates complies with the requirements of due process and is an adequate post-deprivation remedy. See, e.g., Al-Shabazz v. State, 527 S.E.2d 742 (S.C. 2000); Greene v. Stonebreaker, No. 9:06-cv-3392, 2007 WL 2288123 (D.S.C. Aug. 6, 2007). Additionally, courts have suggested that an inmate who has been deprived of property may have a claim under the South Carolina Tort Claims Act. Samuel v. Ozmint, 3:07-CV-178-PMD, 2008 WL 512736 (D.S.C. Feb. 25, 2008) (citing S.C. Code Ann. § 15-78-10 et seq.).

Buchanan clearly had suitable post-deprivation remedies for any unauthorized intentional deprivation of property. The court therefore declines to use its discretion to modify its earlier order and likewise denies Buchanan's motion to certify a question to the South Carolina Supreme Court.

## IV.   CONCLUSION

Based on the foregoing, the court **DENIES** plaintiff's motion to alter or amend judgment and **DENIES** plaintiff's motion to certify a question to the South Carolina Supreme Court.

**AND IT IS SO ORDERED**.

                 **DAVID C. NORTON**
                 **UNITED STATES DISTRICT JUDGE**

**May 27, 2014**
**Charleston, South Carolina**